Peter Van Daam, Pro Se.

Lloyd A. Rustigian, Providence, R.I. for defendant.

**Peter VAN DAAM**

v.

**CHRYSLER FIRST FINANCIAL SERVICES CORPORATION OF RHODE ISLAND.**

**C.A. No. 88–0646T.**

United States District Court,
D. Rhode Island.

Feb. 24, 1989.

MEMORANDUM AND ORDER

JACOB HAGOPIAN, United States Magistrate.

Before the Court is plaintiff's opposed motion to amend the complaint by adding an additional party plaintiff.

Motions to amend pleadings should be granted by the Court with great liberality. Rule 15, Federal Rules of Civil Procedure. An amendment to a pleading should not be allowed, however, where to do so, as here, would be an act in futility. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

*Futility of Amendment*

Plaintiff's proposed amended complaint would simply add Julia Van Daam as a

party plaintiff. Without more, the amendment should be granted. The proposed amended complaint, however, is jurisdictionally fatal on its face since it seeks to restate a claim which is not within the subject matter jurisdiction of this Court. The proposed amendment, if allowed, would be subject to dismissal. *Federal Practice and Procedure*, Wright & Miller, Vo. 6 at 1487, n. 58. This Court should not engage in useless acts of futility. *Foman v. Davis, supra.* Plaintiff's original complaint and the proposed amendment asks this Court to set aside a foreclosure of plaintiff's property and for omnibus relief. Plaintiff says that the mortgage sale of his property, his dwelling house, was illegal and in violation of his rights secured by the Due Process Clause of the Fourteenth Amendment to the Constitution. The averment of *Parties and Jurisdiction* in the proposed amended complaint, except for the addition of Julia Van Daam, is identical to the original complaint. Both read as follows:

Parties and Jurisdiction

1. Plaintiffs are citizens and inhabitants of the State of Rhode Island and Providence Plantations.

2. Defendant Chrysler First Financial Services Corporation of Rhode Island is a Rhode Island corporation.

3. The amount in controversy exclusive of interest and costs exceeds the sum of $50,000.00.

4. Jurisdiction is based on the provisions of Title 42 United States Code Section 1983 also known as the Civil Rights Act and jurisdiction in this court for actions brought under 42 U.S.C. Section 1983 is based upon the provisions of 28 U.S.C. Section 1343.

*Subject Matter Jurisdiction*

■ It is fundamental that federal courts, unlike state courts of general jurisdiction, are courts of limited jurisdiction. Federal courts, its judges and its judicial officers, are presumed to be jurisdictionally impotent to hear and determine a matter until it has been demonstrated that jurisdiction over the subject matter exists. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. (4 Dall.) 8, 1 L.Ed. 718 (1799). The presumption is that this court lacks jurisdiction. The burden is on the plaintiff, who claims jurisdiction, to affirmatively allege jurisdiction and prove it.

Plaintiff, by his averments of jurisdiction, clearly demonstrates the lack of diversity of citizenship between the parties and thus eliminates such as a basis for this Court's exercise of subject matter jurisdiction. Title 28 U.S.C. Section 1332.

In the remaining allegation of subject matter jurisdiction, plaintiff misplaces reliance of Title 28 U.S.C. Section 1343 as a jurisdictional basis for invoking the remedial provisions of Title 42 U.S.C. Section 1983. Given the allegations in the complaint, it is clear that plaintiff seeks to invoke this court's jurisdiction under Title 28 U.S.C. Section 1343(a)(3). The narrow jurisdictional predicate of Section 1343 which provides protection for "equal rights" is not available to a plaintiff who seeks, as here, to assert a claim based solely upon the provisions of Section 1983. Section 1983 does not provide for "equal rights" nor does it provide for any other substantive rights. The provisions of Title 42 U.S.C. Section 1983 are remedial only. *See, Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). In a Section 1983 claim, this Court's subject matter jurisdiction in this case must depend on the broader reach of Title 28 U.S.C. Section 1331. Here, however, federal question jurisdiction under Title 28 U.S.C. Section 1331 has not been alleged by plaintiff in his complaint. Plaintiff's bare bones allegation that the challenged conduct was done in violation of the Due Process Clause of the Fourteenth Amendment is insufficient as an averment of this Court's subject matter jurisdiction.

Apart from the want of a viable allegation of jurisdiction, the complaint fails to aver that plaintiff seeks to redress the deprivation of a federally-protected right done by a state actor under the color of state law. Title 42 U.S.C. Section 1983.

Here, plaintiff seeks redress against a private corporate actor. Given his complaint, he does not seek redress against a state actor nor against one who is symbiotically so related, nor one who is an agent of the state, nor that the complained of acts may be "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Here, plaintiff's failure to allege that the challenged action was done by a state actor under the color of state law as an essential element of his complaint renders his complaint fatally defective. *See Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed. 2d 572 (1980); *Ponce v. Basketball Feder. of Com. of Puerto Rico*, 760 F.2d 375 (1st Cir.1985). Simply, plaintiff fails to state a claim upon which relief may be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

The sought amended complaint seeks to cure none of the mentioned deficiencies found in the original complaint. I find that to allow an amendment which re-avers a fatally deficient complaint and one which fails to aver subject matter jurisdiction would be an act of futility. *Foman v. Davis, supra.*

Accordingly, it is ORDERED:

The motion to amend the complaint be, and the same is, hereby DENIED.